**DISMISSED; Opinion Filed April 10, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01293-CV

### CAROL M. KAM, Appellant
### V.
### DAVID J. KAM, TRUSTEE FOR THE ROBERT S. KAM TRUST, Appellee

**On Appeal from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. PR-11-01368-3**

## MEMORANDUM OPINION

Before Justices Whitehill, Molberg, and Nowell
Opinion by Justice Nowell

This appeal, filed October 22, 2019, challenges the (1) August 9, 2013 final judgment overruling Carol Kam's contest to her brother's will and (2) October 16, 2013 order denying Kam's motion for new trial and alternative motion to modify judgment.[1] Both were signed by former Associate Probate Judge John Peyton, Jr. after the parties agreed on the record that he would decide all issues and any appeal would be taken directly to this Court.

---

[1] The contest and motion were also filed by Kam's nephew. He is not a party to this appeal.

Because an appeal from a final judgment must generally be filed within thirty days of judgment, we questioned our jurisdiction over the appeal and directed Kam to file a letter brief addressing our concern. *See* TEX. R. APP. P. 26.1. Kam complied, agreeing we lack jurisdiction but for a different reason–the appellate deadlines have not been triggered because the judge of the referring court, Probate Court No. 3, has not signed the judgment.[2] Kam is correct.

Chapter 54A, subchapter C of the Texas Government Code governs the appointment and use of associate judges in probate cases. *See* TEX. GOV'T CODE ANN. Ch. 54A, subch. C. Under section 54A.209(a)(17), the associate judge may sign a final order that includes a waiver of the right to a de novo hearing before the referring court. *See id.* § 54A.209(a)(17). However, the judgment does not become the judgment of the referring court, and the appellate deadlines are not triggered, until the judge of the referring court signs the judgment. *See id.* §§ 54A.214(b), 54A.217(b).

The final judgment here was signed by the associate judge but not the judge of the referring court. While the associate judge may have decided all issues and the parties may have agreed to appeal directly to this Court, the judgment is not appealable until the judge of the referring court has signed it. *See id.* §§ 54A.214(b),

---

[2] Although given an opportunity to respond, appellee has not filed a response.

54A.217(b). Accordingly, we lack jurisdiction and dismiss the appeal and any pending motions. *See* TEX. R. APP. P. 42.3(a).

/Erin A. Nowell/

ERIN A. NOWELL
JUSTICE

191293F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CAROL M. KAM, Appellant

No. 05-19-01293-CV          V.

DAVID J. KAM, TRUSTEE FOR
THE ROBERT S. KAM TRUST,
Appellee

On Appeal from the Probate Court
No. 3, Dallas County, Texas
Trial Court Cause No. PR-11-01368-3.
Opinion delivered by Justice Nowell,
Justices Whitehill and Molberg
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee David J. Kam, Trustee for The Robert S. Kam Trust, recover his costs, if any, of this appeal from appellant Carol M. Kam.

Judgment entered this 10th day of April, 2020.

–4–